**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **LARRY WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2025-0018 |
| ) | |
| **MR. PEETS DEREK,** ) | |
| **SUPERIOR COURT OF THE VI,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**Appearance:**

**Larry Williams,** *pro se*
Tutwiler, MS 38963

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") recommending that Plaintiff Larry Williams' ("Plaintiff") Complaint be dismissed without prejudice. (Dkt. No. 9). For the reasons that follow, the Court will adopt as modified the R&R and dismiss Plaintiff's Complaint without prejudice.

### I.  BACKGROUND

On March 31, 2025, Plaintiff filed a Complaint—using the Form VI-P-CR Prisoner Civil Rights Complaint Form—against Defendant Mr. Peets Derek ("Derek"), Superior Court of the Virgin Islands ("Superior Court") alleging violations of his constitutional rights. (Dkt. No. 1). Plaintiff asserts that he has filed motions with the Superior Court to receive his entire trial transcript. *Id.* at 1. Plaintiff contends that, despite two Superior Court judges ordering that the transcript be provided to him, he has not received the transcript from Derek, whom he alleges is the Court Reporter Supervisor. *Id.* Plaintiff seeks monetary damages in the amount of $1 million;

a plea deal; and a vacatur of his charges. *Id.* at 4. Additionally, Plaintiff checked the box to indicate that he had included "full payment of the filing fee ($400.00) via check or money order payable to Clerk, District Court of the Virgin Islands." *Id.* at 6.

On the same day, Plaintiff filed a "Motion to Proceed 42 U.S.C. § 1983 Claim" ("Motion to Proceed") against Derek similarly asserting that Derek had not provided him the entire trial transcript, and further alleging a First Amendment violation against Derek. (Dkt. No. 2).[1]

On May 1, 2025, the Magistrate Judge entered an Order directing the Clerk's Office to provide Plaintiff with an *In Forma Pauperis* ("IFP") application, or alternatively, require him to pay the full amount of the filing fee. (Dkt. No. 3). Following receipt by the Court of the return receipt on May 22, 2025, the Magistrate Judge entered another Order directing the Clerk to provide Plaintiff with a copy of the IFP Application and Motion to Proceed in District Court without Prepaying Fees or Costs, along with the Court's Civil Cover Sheet and Summons Form. *Id.* at 3. The Magistrate Judge also ordered that Plaintiff had up to May 30, 2025 within which to pay the filing fee or complete the IFP Application, and to complete the Civil Cover Sheet and Summons Forms. *Id.*

On May 22, 2025, the Clerk's Office received a return receipt indicating that the Clerk's mailing of the Magistrate Judge's May 1, 2025, Order, the IFP Application, and the Civil Cover Sheet and Summons had been delivered to Plaintiff's correctional facility on May 9, 2025. (Dkt. No. 5). Following Plaintiff's failure to submit an IFP Application or pay the filing fee, the Magistrate Judge issued another Order similarly directing the Clerk's Office to provide Plaintiff with the IFP Application and the Court's Civil Cover Sheet and Summons. (Dkt. No. 6 at 2-3). Per

---

[1] On January 30, 2026, the Magistrate Judge denied the Motion to Proceed, construing it as a motion to supplement the Complaint and noting that the issues raised therein had already been addressed in the R&R. (Dkt. No. 11).

the Magistrate Judge's Order, Plaintiff had up to and including August 8, 2025 to pay the required filing fee or file an IFP Application, and to complete the Civil Cover Sheet and Summons Form. *Id.* at 3. On August 11, 2025, the Court received a certified mail return receipt indicating that an official at Defendant's correctional facility received the envelope containing the documents on August 1, 2025. (Dkt. No. 8).

On August 14, 2025, the Magistrate Judge issued an R&R recommending that the instant case be dismissed without prejudice. (Dkt. No. 9). The Magistrate Judge found that the case could be dismissed either for Plaintiff's failure to pay the filing fee or to file an IFP application, or alternatively for failure to prosecute. *Id.*

To date, Plaintiff has not submitted the filing fee or an IFP Application, or filed an Objection to the Magistrate Judge's R&R.

## II.     APPLICABLE LEGAL PRINCIPLES

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing an R&R, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The

Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v. City of Long Branch,* 866 F.3d 93, 100 (3d Cir. 2017) (citing *Henderson v. Carlson, 812 F.2d 874, 878* (3d Cir. 1987))*; see also Ellenburg v. Virgin Islands, No. CV 23-0035, 2024 WL 4366906, at *1* (D.V.I. Sept. 30, 2024) *(citing Banco Popular de Puerto Rico v. Gilbert,* 424 F. App'x 151, 153 (3d Cir. 2011) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate.") (internal quotation omitted) (citation omitted)). The Third Circuit has described this level of review as "reasoned consideration." *Equal Emp. Opportunity Comm'n,* 866 F.3d at 100.

      The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state: "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of an R&R that are not contested. *Massie v. Finley*, No. 1:19-CV-01201, 2021 WL 11108887, at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Cruz v. Chater*, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record'"); *see also Pratt v. Marsh*, No. 19-CV-00416, 2021 WL 2188576, at *8 (E.D. Pa. May 28,

4

2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp*. SCI, No. 21-2328, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (internal citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made . . . at the very least . . . should be reviewed for clear error or manifest injustice."). Clear error occurs "when, [in] reviewing 'the entire record, the court is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Griffith*, 2024 WL 5053426, at *3 (3d Cir. Dec. 10, 2024) (citing *United States v. Caraballo*, 88 F.4th 239, 244 (3d. Cir. 2023)). In passing, a panel of the Third Circuit has appeared to accept this clear error/manifest injustice standard. *See Seamon v. Shapiro*, No. 24-1451, 2025 WL 88837, at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate Judge's report and recommendation for clear error or manifest injustice, because Seamon did not file objections to the report.").

### III.  DISCUSSION

Plaintiff has not filed any objections with the Court to date. Therefore, because Plaintiff has not filed any objections within the 14-day period permitted by the Federal Rules of Civil Procedure—or indeed, anytime after—the Court will review the Supplemental R&R for clear error or manifest injustice.

Title 28 U.S.C. 1915(a)(1) provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(g). The affidavit required by section 1915(a)(1) is mandatory. *Walker v. People Exp. Airlines, Inc.,* 886 F.2d 598, 602 (3d Cir.1989) ("An *in forma pauperis petition* asking for

5

leave to forego a sum certain must be accompanied by an affidavit bearing particularized information with regard to the party's financial status."); *Lee v. City Of Philadelphia,* 2009 WL 637459, at *3 (E.D. Pa. Mar. 9.2009) ("a person requesting to proceed *in forma pauperis* must "submit[ ] an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor.") (quoting 28 U.S.C. § 1915(a)(1)).

The Court finds that there is no clear error or manifest injustice in the Magistrate Judge's conclusions in the R&R. Here, Plaintiff has not paid the requisite filing fee nor has he submitted an IFP application pursuant to 28 U.S.C. § 1915(a)(1). Because Plaintiff has not paid the filing fee or submitted an IFP application, Plaintiff's case cannot move forward in the District Court. Accordingly, the Court will adopt the R&R to the extent it recommends dismissal of Plaintiff's Complaint without prejudice for failure to pay the filing fees or submit an IFP application, and will dismiss Plaintiff's Complaint without prejudice.[2] *See, e.g.*, *Lindsey v. Roman,* 408 F. App'x 530, 532-33 (3d Cir. 2010) (finding that district court did not abuse its discretion in dismissing the plaintiff's suit for failure to either pay the filing fee or submit a completed IFP application and later denying her motion for reconsideration; *Helman v. Glasser*, No. 1:21-CV-1058, 2022 WL 21759732, at *1 (M.D. Pa. Jan. 12, 2022) (order dismissing case for failure to pay filing fee or completing an IFP application).

### IV.   CONCLUSION

In view of the foregoing, the Court will adopt to the extent stated herein Magistrate Judge Emile A. Henderson III's Report and Recommendation (Dkt. No. 9). Specifically, the Court will

---

[2] Because the Court dismisses the Complaint on the basis that Plaintiff has not paid the requisite filing fee or filed an IFP application—which is an essential procedural requirement for the instant lawsuit to move forward—the Court need not consider the Magistrate Judge's analysis and conclusion regarding dismissal on the basis of failure to prosecute. Accordingly, the Court will not address the Magistrate Judge's R&R in that regard.

dismiss without prejudice Plaintiff Larry Williams' Complaint (Dkt. No. 1) based on his failure to pay the filing fee or to file an IFP application.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 11, 2026 _____/s/_____
WILMA A. LEWIS
Senior District Judge